# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SALLIE MURPHY,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-473**    (Cir. Ct. of Braxton Cnty. Case No. CC-04-2018-C-26)

**KEN GROVES,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sallie Murphy appeals the Circuit Court of Braxton County's September 25, 2023, final order approving an updated survey in a property line dispute action presented by Respondent Ken Groves. Mr. Groves filed a response.[1] Ms. Murphy did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Murphy filed the underlying action against Mr. Groves in 2018 to establish the location of a disputed property boundary line. The matter was initially set for a bench trial in December 2018, but was continued at Ms. Murphy's request to allow her time to retain new counsel. Ms. Murphy failed to obtain new counsel and represented herself at the trial held May 1, 2019. On October 15, 2019, the circuit court entered an order establishing the location of the boundary line. Ms. Murphy hired an attorney and appealed the October 15, 2019, order to the Supreme Court of Appeals of West Virginia ("SCAWV"). The October 2019, order was affirmed by the SCAWV in a memorandum decision in 2021. *See Murphy v. Groves*, No. 19-1031, 2021 WL 653200 (W. Va. Feb. 19, 2021) (memorandum decision).

Thereafter, the circuit court set the matter for a second bench trial for the limited purpose of determining whether the property's new survey comported with the boundary line as determined by the court in its October 15, 2019, order. After several continuances and Ms. Murphy's discharge of her second attorney, the trial was scheduled for August 15, 2023. However, on August 7, 2023, a week prior to the trial, Ms. Murphy filed a motion to

---

[1] Ms. Murphy is represented by Richard J. Lindroth, Esq. Mr. Groves is represented by Gary A. Matthews, Esq.

1

continue requesting time for her to find a new attorney. The circuit court denied this motion by order entered August 17, 2023. The order contained thirteen paragraphs of findings and conclusions outlining the reasons it denied Ms. Murphy's motion to continue.

The matter proceeded to a second bench trial on August 15, 2023, at which time Ms. Murphy appeared self-represented. At the trial, Mr. Groves presented expert witness, Dwayne Hall, a licensed surveyor, who testified that his updated survey and opinions regarding the location of the boundary line were consistent with the October 15, 2019, order. Ms. Murphy cross-examined Mr. Hall but did not call any witnesses on her behalf and did not offer any documents into evidence as part of her case in chief. At the conclusion of the trial, Ms. Murphy renewed her motion to continue. The circuit again denied the motion, directed the parties to file proposed findings of fact and conclusions of law, and took the matter under advisement. The circuit court summarized the proceedings and its rulings at the trial in an order entered August 17, 2023.[2] On September 25, 2023, the circuit court entered an order approving the survey presented by Mr. Groves. This order contained findings of fact regarding the survey presented by Mr. Groves and conclusions of law regarding its accuracy but did not address Ms. Murphy's continuance requests. Thereafter, Ms. Murphy retained counsel and filed this appeal.

On appeal, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, Ms. Murphy lists four assignments of error, the first three of which relate to her attempts to continue the second bench trial, which we will address together. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (stating the general proposition that related assignments of error may be consolidated for ruling); *Jacquelyn F. v. Andrea R.*, No. 16-0585, 2017 WL 2608425, at *3 n. 2 (W. Va. June 16, 2017) (memorandum decision) (restating assignments of error where they involve clearly related issues). Ms. Murphy argues that the circuit court abused its discretion when it denied her requests to continue the second bench trial because: (1) as

---

[2] The circuit court entered two orders on August 17, 2023: (1) the order denying Ms. Murphy's motion to continue filed August 7, 2023; and (2) the order summarizing the trial proceedings and the circuit court's rulings.

a self-represented party, she was not equipped to proceed with the second trial; (2) the matter had no real urgency and delay of a few more months would not prejudice Mr. Groves; (3) her claims were defeated at trial solely by reason of her unfamiliarity with procedural and evidentiary rules; (4) she was forced to attend the second bench trial as a self-represented party and as a result did not follow protocols to ensure that her surveyor would testify at trial.

At the outset, we note that the circuit court's findings and conclusions regarding Ms. Murphy's requests to continue are contained in the two August 17, 2023, orders. Those orders, however, were not attached to Ms. Murphy's Notice of Appeal. Rule 5(b) and Appendix A of the Rules of Appellate Procedure require that a petitioner attach copies of all orders being appealed and any orders not attached are not properly before the appellate court. *See Campbell v. CSX Transportation*, 2019 WL 4257173, at *3, n. 8 (W. Va. September 9, 2019) (memorandum decision). As Ms. Murphy did not attach the two August 17, 2023, orders to her Notice of Appeal, we find that they are not properly before this Court for appellate review.

Nonetheless, we find that the circuit court did not abuse its discretion by denying Ms. Murphy's requests to continue the second trial. "A motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, *State v. Bush*, 163 W. Va. 168, 255 S.E.2d 539 (1979).

In its denial of Ms. Murphy's motion to continue, the circuit court found: (1) that Ms. Murphy had hired and fired two attorneys during the litigation; (2) that she was granted several trial continuances; (3) that Ms. Murphy was provided more than two months to obtain new counsel before the second trial; (4) that the circuit court denied Ms. Murphy's attorney's motion to withdraw so that her rights were protected while she searched for new counsel; and (5) that Ms. Murphy was aware of the nature of the trial to be held on August 15, 2023, and made three last-minute continuance requests, all for inadequate reasons. Based on our review, we find that the circuit court properly weighed the appropriate factors when faced with Ms. Murphy's requests to continue the second trial.

In her fourth assignment of error, Ms. Murphy asserts that she was prejudiced by the circuit court's use of the West Virginia E-filing System, because broadband internet access is intermittent where she resides and as a result, she did not receive certain notices and other court filings. However, Ms. Murphy's claim of prejudice caused by the circuit court's use of the West Virginia E-filing System and intermittent broadband access is a new argument raised for the first time on appeal.

It is well settled that

3

> [A] party who has not raised a particular issue or defense below may not raise it for the first time on appeal. "Indeed, if any principle is settled in this jurisdiction, it is that, absent the most extraordinary circumstances, legal theories not raised properly in the lower court cannot be broached for the first time on appeal. We have invoked this principle with near religious fervor." *State v. Miller*, 197 W. Va. 588, 597, 476 S.E.2d 535, 544 (1996).

*State v. Costello*, 245 W. Va. 19, 26, 857 S.E.2d 51, 58 (2021). Ms. Murphy failed to raise this issue below, and therefore, we decline to review this argument on appeal.[3]

We further note that Ms. Murphy failed to assign any error to the findings of fact and conclusions of law contained in the September 25, 2023, order. The record establishes that Mr. Hall provided expert testimony, his updated survey was admitted into evidence, and the circuit court relied on his testimony and the survey in providing its ultimate conclusions. Ms. Murphy did not present any witnesses or other evidence in support of her position or to oppose Mr. Groves' evidence. Therefore, we cannot conclude that the circuit court's disposition of the case was an abuse of discretion or that its factual findings or conclusions of law are clearly erroneous.

Accordingly, we affirm the September 25, 2023, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

---

[3] For the same reasons, we also decline to address Ms. Murphy's contention that she was prejudiced by the entry of the September 25, 2023, order because it was entered by a different judge. *See* n.2 *supra*.

4